*869 OPINION.
MoRRis:
At the hearing counsel for the petitioner moved for judgment for the reason that the respondent failed to file his answer within the time limit as set by Rule 14 of the Board’s rules of practice. Rule 14 provides that after service upon him of a copy of the petition, the Commissioner shall have 60 days within which to file an answer. The Board’s records show that the petition was filed January 4, 1927, that a copy thereof was served on the respondent January 5, and that the answer was filed March 7, 1927, or the 61st day. The 60th day, however, being a Sunday? the answer was timely filed, and the petitioner’s motion is accordingly denied. See Rule 61 of the Board’s rules of practice.
The sole issue presented by the pleadings is whether the petitioner is entitled to the benefits conferred by section 229 of the Revenue Act of 1921. That section reads as follows:
That in the case of the organization as a corporation within four months after the passage of this act of any trade or business in which capital is a material income-producing factor, and which was previously owned by a partnership or individual, the net income of such trade or business from January 1, 1921, to the date of such organization may at the option of the individual or partnership be taxed as the net income of a corporation is taxed under Titles II and III; in which event the net income and invested capital of such trade or business shall be computed as if such corporation had been in existence on and after January 1, 1921, and the undistributed profits or earnings of such trade or business shall not be subject to the surtaxes imposed in section 211, but amounts distributed on and after January 1, 1921, from the earnings or profits of such trade or business accumulated after December 31, 1920, shall be taxed to the recipients as dividends; and all the provisions of Titles II and III relating to corporations shall so far as practicable apply to such trade or business; Provided, That this section shall not apply to any trade or business the net income of which for the taxable year 1921 was less than 20 per centum of its invested capital for such year: Provided further, That any taxpayer who taires advantage of this section shall pay the tax imposed by section 1000 of the Revenue Act of 1918 as if such taxpayer had been a corporation on and after January 1, 1921.
One of the provisions of the above quoted section which limits its application is that net income from the trade or business for the taxable year 1921 must be 20 per cent or more of invested capital for that year. No evidence has been offered to prove either invested capital or net income for 1921, making it impossible for us to determine whether net income for 1921 is more than or less than 20 per *870 cent of petitioner’s invested capital. In view of the failure of the petitioner to prove the essential facts which would bring him within the provisions of the section, the determination of the respondent is approved.

Judgment will be entered for the respondent.